# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## 2:09mc 2

IN RE: TAMMY LAMBERT.        )
                             )
_____ )

## ORDER OF CERTIFICATION OF CRIMINAL CONTEMPT TO THE DISTRICT COURT

**THIS MATTER** is before the court upon the Affidavit of Certification of Acts Constituting Contempt by a Court Appointed Custodian pursuant to 28, United States Code, Section 636(e)(6)(B)(ii). Review of the affidavit of United States Pretrial Services Officer Robert Ferguson provides the court with probable cause to believe that on or about November 2, 2009, **TAMMY LAMBERT,** acting as a court appointed third-party custodian in United States v. Jonathan T. Lackey, 2:09cr29-3 (W.D.N.C. 2009),violated the court's oral and written orders, directions, and instructions provided to her in open court on October 30, 2009, and further disobeyed instructions contained and acknowledged by her in the written conditions of release issued in United States v. Jonathan T. Lackey, supra, constituting a criminal Contempt of Court.

Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for definite period), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v.

-1-

Bagwell, 512 U.S. 821, 829 (1994). The Court of Appeals for the Fourth Circuit has held, as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004). Based on the facts herein certified and review of current statutes and case law, it appears to the undersigned that probable cause exists to believe that Ms. Lambert has committed acts constituting criminal contempt. In an abundance of caution, the court will implement additional procedural safeguards, as follow.

**Certification of Facts Constituting Criminal Contempt**

The undersigned United States Magistrate hereby certifies facts constituting criminal contempt, as follows:

1. Defendant Lackey was charged by Bill of Indictment in October 7, 2009, with conspiracy to possess with intent to distribute a controlled substance, to wit, at least 1000 kilograms of marijuana, all in violation of 21, United States Code, Sections 846 and 841(b)(1)(A).

2. On or about October 30, 2009, the United States Pretrial Services Office

recommended to the undersigned that, pending trial in this matter, defendant Jonathan T. Lackey participate in the CHAMPS substance abuse program located in the Charlotte Division of this court.

3. Defendant Lackey was detained pending trial and desired to participate in such program.

4. Tammy Lambert was tendered by Defendant Lackey as a suitable third-party custodian for purposes of transporting defendant from the jail facility in Cherokee County to the CHAMPS facility in Mecklenburg County on November 2, 2009.

5. After finding that Ms. Lambert was a suitable person to act as a third-party custodian and explaining to Ms. Lambert her duties as third-party custodian, Ms. Lambert signed a document captioned "Additional Conditions of Release" in which she agreed to "supervise the defendant in accordance with all the conditions of release . . . and to notify the court immediately if the defendant violates any condition of release . . . ." Ms. Lambert was specifically advised by the court that violations of such promise could result in her being held in criminal contempt.

6. The conditions of release specifically related to Defendant Lackey's transportation and other duties entrusted to Ms. Lambert provided as follows:

> abide by the following restrictions on personal association, place of abode, or travel: from detention center to McLeod Center for Champs Program. Travel only in the Western District of North Carolina or travel as approved by the Office of Probation and Pretrial Services. . . . Then return from program back to detention center on the most direct

route.

United States v. Jonathan T. Lackey, 2:09cr29-3 (W.D.N.C. 2009)("Additional Conditions of Release").

6. In addition to such specific written instructions provided in the Additional Conditions of Release, the undersigned in open court instructed Ms. Lambert that she was to take and return Defendant Lackey to and from the CHAMPS program without stopping except at official rest areas as the need may arise. Ms. Lambert promised the court that she would comply with such instructions, and such promise constituted a material basis for the court allowing the temporary release of Defendant Lackey and the appointment of Ms. Lackey as a third-party custodian.

7. On or about the morning November 2, 2009, the undersigned was advised by Officer Ferguson that Defendant Lackey was in violation of the conditions of his release. Officers had determined over the weekend through monitored phone calls from the Cherokee County Jail that Defendant Lackey intended to violate the conditions of his release on Monday, November 2, 2009, by and through the cooperation of his mother Ms. Lambert. Such officers, who had knowledge of this court's orders, learned that in direct contravention thereof Defendant Lackey had conspired with his mother and third-party custodian Ms. Lambert to detour from the prescribed route on November 2 for purposes of providing Defendant Lackey with a conjugal visit with his girlfriend.

8. With such information in hand, officers proceeded to observe Ms. Lambert on

the morning of November 2, 2009, as she took custody of defendant. Such officers followed Ms. Lambert and observed that she stopped at the home of defendant's girlfriend in Bryson City, North Carolina, allowed defendant to leave her custody and enter the girlfriend's home unaccompanied, and allowed defendant to remain in such home for some 25 minutes.

9. Upon learning such facts, Officer Ferguson applied for an expedited Order of revocation of release. A written margin order was promptly entered by the undersigned revoking the Order of Release and instructing that defendant be taken back into immediate custody. Such order and the contents thereof were communicated by the court to Officer Ferguson, who then communicated such to the observing officers.

10. In compliance with such Order, the observing officers stopped Ms. Lambert's vehicle and returned Defendant Lackey to federal custody. Ms. Lambert was not taken into custody.

11. On the afternoon of November 2, 2009, Officer Ferguson, as an officer of this court having reason to believe that Ms. Lambert was in criminal contempt, reported such acts constituting contempt by and through an Affidavit of Certification of Acts Constituting Contempt by a Court Appointed Custodian pursuant to 28, United States Code, Section 636(e)(6)(B)(ii). Such facts as provided in the Affidavit are consistent with the facts communicated to the court orally on the morning of November 2, 2009.

**Probable Cause Certification**

Based on the above certified facts, which are supported by the Affidavit of Officer Ferguson and further supported by the "Additional Conditions of Release" contained in United States v. Jonathan T. Lackey, 2:09cr29-3 (W.D.N.C. 2009) as well as the FTR recording of the release proceeding on October 30, 2009, which are incorporated herein by reference, the court finds that there is probable cause to believe that **TAMMY LAMBERT** is in contempt of this court's orders of October 30, 2009, constituting a criminal contempt that occurred outside the presence of a United States Magistrate Judge, all in violation of 28, United States Code, Section 636(e)(6)(B)(ii),

## ORDER

**IT IS, THEREFORE, ORDERED** that **TAMMY LAMBERT** appear before a United States District Judge on a date, time, and place as shall be set by the Clerk of this court and there **SHOW CAUSE** why she should not be adjudged in contempt by reason of the facts so certified herein.

### Advice of Right to Counsel

In accordance with the sixth amendment to the United States Constitution and 18, United States Code, Section 3006A(a)(1)(H) and (I), **TAMMY LAMBERT** is advised that she has the right to counsel inasmuch as the undersigned has certified criminal contempt to the district court. She is advised that she can represent herself, hire her own attorney, or she can apply to this court for appointment of an attorney

at government expense.

She is informed that because the show cause hearing is a proceeding at which her liberty interests will be at stake, she should make arrangements for obtaining an attorney well in advance of that hearing. If she believes she can not afford to hire an attorney, she is advised to contact the Office of the Federal Defender of Western North Carolina at (828) 232-9992 for purposes of completing both a financial affidavit and a request for appointment of counsel.

## Service of Certification

In accordance with Section 636(e)(6)(B)(ii), the **UNITED STATES MARSHAL** is respectfully directed to personally serve Tammy Lambert, 240 Fry Street, Bryson City, North Carolina, or wherever she may be found, with a certified copy of this Order and make a return of such service to the Clerk of this court.

## Service of Other Parties

The **CLERK OF THIS COURT** is respectfully instructed to send a copy of this Order to Assistant United States Attorney Don Gast, Officer Ferguson, and the Office of the Federal Defender.

Signed: November 25, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge